**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| STRATEGIC MANAGEMENT PARTNERS, LLC and ASPEN SPECIALTY INSURANCE COMPANY, | |
| Plaintiffs, | CIVIL ACTION FILE NO.: 24A05529 |
| vs. | |
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY and GREENWICH INSURANCE COMPANY, | |
| Defendants. | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

Plaintiffs Strategic Management Partners, LLC ("SMP") and Aspen Specialty Insurance

Company ("Aspen") (collectively "plaintiffs"), by and through counsel, file this amended

complaint for declaratory judgment and damages, respectfully showing the Court as follows:

**JURISDICTION AND PARTIES**

1.

This is an action for declaratory judgment and damages pursuant to O.C.G.A. § 9-4-1, *et*

*seq.*, to declare the rights and legal relations surrounding questions of actual controversy that

presently exist between plaintiffs and The Cincinnati Specialty Underwriters Insurance Company

("Cincinnati") and Greenwich Insurance Company ("Greenwich")(collectively "defendants")

regarding whether defendants are required to defend and indemnify SMP and pay the defense costs

expended by Aspen in connection with the claims asserted in the lawsuit currently pending in this

Court, styled ***Kenyetta Shaniece Reeves, individually and as administrator of the estate of***

***Larodus Antonio Reeves, deceased vs. ATL21COV Owner, LLC, and Strategic Management***

***Partners, LLC, and Enforcers Protective Service, LLC***, Civil Action No.: 23A03773

("Underlying Lawsuit").

2.

SMP is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 125 TownPark Drive, Suite 300, Kennesaw, Georgia 30144.

3.

Aspen is a corporation organized and existing under the laws of the State of North Dakota with its principal place of business located in Jersey City, New Jersey.

4.

Cincinnati is a foreign corporation authorized to issue policies in the state of Georgia as a surplus lines insurer and organized and existing under the laws of the State of Delaware, with its principal place of business located in Fairfield, Ohio. Cincinnati may be served through the Commissioner of Insurance, 2 Martin Luther King Jr. Dr. SE, Suite 704 West Tower, Atlanta, Georgia 30334, pursuant to O.C.G.A. § 33-5-34.

5.

Greenwich is a foreign corporation authorized to do business in Georgia, including soliciting insurance, making, issuing or delivering contracts of insurance, and collecting or receiving premiums for consideration of insurance in Georgia, and is organized and existing under the laws of the State of Delaware, with its principal place of business located in Stamford, Connecticut.  Greenwich may be served through its registered agent for service of process, CT Corporation System, 289 South Culver Street, Lawrenceville, GA 30046.

6.

At all times material to this action, defendants insured ATL21COV Owner, LLC, which owned and controlled Rockwell Pointe Apartments located at 4565 Covington Hwy, Decatur, DeKalb County, Georgia 30032 (the "Apartments").

7.

The cause of action giving rise to this amended complaint for declaratory judgment and damages arises out of business transacted by defendants in insuring ATL21COV Owner, LLC, and the Apartments located at 4565 Covington Highway in DeKalb County, Georgia.

8.

Defendants are subject to the jurisdiction of this Court.

9.

Venue is proper against the defendants in DeKalb County, Georgia, pursuant to Ga. Const. 1983, Art. VI, Sec. II, O.C.G.A. § 9-10-93, and O.C.G.A. §14-2-510.

## RELEVANT FACTS

### A.  The Agreement

10.

SMP and ATL21COV Owner, LLC, entered into an agreement on January 14, 2022 (the "Agreement"), whereby ATL21COV Owner, LLC retained SMP to manage and operate the Rockwell Pointe Apartments located at 4565 Covington Highway, Decatur, Georgia 30035. A true and correct copy of the Agreement is attached to this amended complaint as Exhibit "A."

11.

Pursuant to Article II, Section 2.01(g) of the Agreement, SMP was to be insured at the expense of ATL21COV Owner, LLC. The Agreement provides that both parties may be insured

under the same policy. The Agreement includes required policy provisions including policy limits and coverage requirements.

12.

The Agreement states in pertinent part:

(g).    Insurance.

(a)    It is the intention of the parties hereunder to secure the broadest and most cost-effective insurance available to cover, defend and protect Owner and Manager in the operation, improvement and enhancement of the Project, including any project or construction management services performed relating to the Project. This may be accomplished by insuring both parties under the same policies. Thus, Owner shall maintain, at its expense, during the Term of this Agreement:

(i)    "All-risk" direct damage property insurance on replacement cost terms for the full value of the structure and improvements, including builder's risk insurance and demolition, debris removal and increased cost coverage where applicable, to cover physical loss or damage to the Project from fire and extended coverage perils, including but not limited to vandalism and malicious mischief;

(ii)    Commercial general liability insurance, on an occurrence (not claims – made) form, in an amount not less than five million ($5,000,000) dollars each occurrence with respect to the Property and covering personal injury, property damage, and bodily injury (including death), which includes assault and battery coverage in the foregoing amount and shall not contain any firearm exclusion or pool exclusion or any other similar exclusion.  Such limits may be achieved through the purchase of an Excess or Umbrella insurance policy.

13.

Pursuant to Section 4.06 of the Agreement, ATL21COV Owner, LLC, is also required to defend, indemnify, and hold harmless SMP from and against all claims.

14.

The Agreement states in pertinent part:

**4.06    Indemnification.**

(a)    Other than with regard to the Manager Bad Acts (as defined below), Owner shall indemnify, defend (using counsel acceptable to Manager) and hold harmless Manager and its affiliates and each of their respective officers, directors, employees, stockholders, partners, agents, representatives and contractors, and each of their respective successors and assigns, from and against any and all liabilities, obligations, claims, losses, causes of action, suits, proceedings, awards, judgments, settlements, demands, damages, costs, expenses, fines, penalties and fees (including without limitation the fees, expenses, disbursements and costs of attorneys and advisors) (as used in this Article IV, "Claims") to the extent attributable to or resulting from or in connection with the management of the Project, or the performance or exercise by Manager of the duties, obligations, powers, or authorities herein, or hereafter granted to Manager, including but not limited to Claims as a result of Manager's execution of contracts in its capacity as agent of Owner, except to the extent Manager is obligated to indemnify Owner pursuant to Section 4.06(b) below provided, however, such indemnity shall not apply in the event of Manager's gross negligence or willful misconduct.

(b)    Manager shall indemnify and hold harmless Owner and its affiliates and each of their respective officers, directors, employees, stockholders, partners, members, agents and representatives, and each of their respective successors and assigns, from and against any and all Claims to the extent attributable to (i) any acts or omissions of Manager, its agents or employees which are grossly negligent or constitute willful misconduct, or (ii) any acts of Manager, its agents or employees that are beyond the scope of Manager's authority hereunder; or (iii) Manager's

v2019

breach of any law or any of its obligations under this Agreement (collectively, the "Manager's Bad Acts"). However, it is agreed that, under no circumstances shall Manager be held liable to Owner or to any other party for loss or damage arising out of alleged or actual terrorist acts.

(c)    "Indemnified Party" and "Indemnitor" shall mean Manager and Owner, respectively, as to Section 4.06(a) and shall mean Owner and Manager, respectively, as to Section 4.06(b). If any action or proceeding is brought against the Indemnified Party with respect to which indemnity may be sought under this Section 4.06, the Indemnitor, upon written notice from the Indemnified Party, shall assume the investigation and defense thereof, including the employment of counsel and payment of all reasonable expenses. The Indemnified Party shall have the right to employ separate counsel in any such action or proceeding and to participate in the defense thereof, but the Indemnitor shall not be required to pay the fees and expenses of such separate counsel, unless such separate counsel is employed with the written approval and consent of the Indemnitor.

407.    Survival of Indemnity Obligations. The indemnification and hold harmless obligations of the parties in Section 4.06 shall survive the expiration or earlier termination of the Agreement.

## B.  The Underlying Lawsuit

15.

On March 22, 2022, Larodus Antonio Reeves ("Reeves") was living with his mother and other relatives at the Apartments.

16.

While Reeves and others were in an outside area, multiple armed men arrived at the Apartments and robbed Reeves.

17.

One of the men shot Reeves, which led to fatal injuries. Reeves was pronounced dead at Grady Memorial Hospital on March 23, 2022.

18.

On or about August 17, 2023, Kenyetta Shanice Reeves, individually and as administrator of the estate of Larodus Antonio Reeves, filed a complaint naming both ATL21COV OWNER, LLC, and STRATEGIC MANAGEMENT PARTNERS, LLC, as defendants in the Underlying Lawsuit. An amended complaint was filed in the Underlying Lawsuit on January 5, 2024.

19.

In the Underlying Lawsuit, SMP is accused of negligence, allowing and maintaining a nuisance, and being responsible for the wrongful death of Reeves.

**C. Facts Relevant to this Complaint for Declaratory Judgment and Damages**

20.

SMP notified ATL21COV Owner, LLC, of the shooting and instructed ATL21COV Owner, LLC, to notify its liability insurers.

21.

Defendants insure ATL21COV Owner, LLC, and are on notice of the incident.

22.

Defendant Cincinnati provided its liability policy information to legal counsel for Kenyetta Reeves and Larodus Reeves.

23.

Pursuant to the Agreement between SMP and ATL21COV Owner, LLC, SMP should be an additional insured under the policies issued by Defendants. Further, the policies should not have liability coverage limits for shooting incidents.

24.

To date, Defendants have failed to indemnify and defend SMP in the Underlying Lawsuit.

25.

Instead, Aspen has provided a defense at its own expense to SMP in the Underlying Lawsuit.

## COUNT I
## CINCINNATI MUST DEFEND AND INDEMNIFY SMP

26.

Paragraphs 1 through 25 of plaintiffs' amended complaint for declaratory judgment and damages are realleged and incorporated by reference as if fully set forth herein

27.

Plaintiffs seek a declaration that Cincinnati is required to defend and indemnify SMP in the Underlying Lawsuit.

28.

SMP should be an additional insured under the Cincinnati policy issued to ATL21COV Owner, LLC.

29.

The fatal shooting that occurred at the Apartments and is the subject of the Underlying Lawsuit triggered Cincinnati's duty to insure, defend, and indemnify SMP.

30.

SMP timely provided notice of the Underlying Lawsuit to Cincinnati and sought indemnification from Cincinnati on multiple occasions following service of the complaint in the Underlying Lawsuit.

31.

Plaintiffs are entitled to a declaration that Cincinnati owes SMP a duty to insure, defend, and fully indemnify it in connection with the Underlying Lawsuit.

## COUNT II
## GREENWICH MUST DEFEND AND INDEMNIFY SMP

32.

Paragraphs 1 through 31 of plaintiffs' amended complaint for declaratory judgment and damages are realleged and incorporated by reference as if fully set forth herein

33.

Plaintiffs seek a declaration that Greenwich is required to defend and indemnify SMP in the Underlying Lawsuit.

34.

SMP should be an additional insured under the Greenwich policy issued to ATL21COV Owner, LLC.

35.

The fatal shooting that occurred at the Apartments and is the subject of the Underlying Lawsuit triggered Greenwich's duty to insure, defend, and indemnify SMP.

36.

SMP timely provided notice of the Underlying Lawsuit to Greenwich and sought indemnification from Greenwich on multiple occasions following service of the complaint in the Underlying Lawsuit.

37.

Plaintiffs are entitled to a declaration that Greenwich owes SMP a duty to insure, defend, and fully indemnify it in connection with the Underlying Lawsuit.

## COUNT III
## CINCINNATI MUST PAY THE COSTS EXPENDED BY ASPEN TO DEFEND SMP IN THE UNDERLYING LAWSUIT

38.

Paragraphs 1 through 37 of plaintiffs' amended complaint for declaratory judgment and damages are realleged and incorporated by reference as if fully set forth herein.

39.

SMP should be an additional insured under the Cincinnati policy issued to ATL21COV Owner, LLC.

40.

The fatal shooting that occurred at the Apartments and is the subject of the Underlying Lawsuit triggered Cincinnati's duty to insure, defend, and indemnify SMP.

41.

SMP timely provided notice of the Underlying Lawsuit to Cincinnati and sought indemnification from Cincinnati on multiple occasions following service of the complaint in the Underlying Lawsuit.

42.

As a result of Defendants' failure to defend and indemnify SMP, Aspen has provided a defense to SMP in the Underlying Lawsuit under its liability policy issued to SMP.

43.

Defendants should be required to pay all costs expended by Aspen to provide SMP with a defense in the Underlying Lawsuit.

44.

Plaintiffs are entitled to a declaration that Cincinnati owes SMP a duty to defend it in the Underlying Lawsuit and that Aspen is entitled to recover the costs it expended to defend SMP in the Underlying Lawsuit.

## COUNT IV
## GREENWICH MUST PAY THE COSTS EXPENDED BY ASPEN TO DEFEND SMP IN THE UNDERLYING LAWSUIT

45.

Paragraphs 1 through 44 of plaintiffs' amended complaint for declaratory judgment and damages are realleged and incorporated by reference as if fully set forth herein

46.

SMP should be an additional insured under the Greenwich policy issued to ATL21COV Owner, LLC.

47.

The fatal shooting that occurred at the Apartments and is the subject of the Underlying Lawsuit triggered Greenwich's duty to insure, defend, and indemnify SMP.

48.

SMP timely provided notice of the Underlying Lawsuit to Greenwich and sought indemnification from Greenwich on multiple occasions following service of the complaint in the Underlying Lawsuit.

49.

As a result of Defendants' failure to defend and indemnify SMP, Aspen has provided a defense to SMP in the Underlying Lawsuit under its liability policy issued to SMP.

50.

Defendants should be required to pay all costs expended by Aspen to provide SMP with a defense in the Underlying Lawsuit.

51.

Plaintiffs are entitled to a declaration that Greenwich owes SMP a duty to defend it in the Underlying Lawsuit and that Aspen is entitled to recover the costs it expended to defend SMP in the Underlying Lawsuit.

WHEREFORE, plaintiffs Strategic Management Partners, LLC and Aspen Specialty Insurance Company respectfully pray that the Court grant the following relief:

(a)     that this Court enter an order and judgment declaring that Defendants are required to insure, defend, and fully indemnify Strategic Management Partners, LLC in the Underlying Lawsuit;

(b)     that this Court enter an order and judgment declaring that Defendants are required to pay all defense costs expended by Aspen Specialty Insurance Company in the Underlying Lawsuit;

(c)     that this Court award plaintiffs their costs associated with bringing this action; and

(d)     that this Court grant such other and further relief as this Court may deem just and

proper.

Respectfully submitted this ___ day of _____, 2025.

_____

WAYNE D. TAYLOR
Georgia Bar No. 701275
SARAH M. MACKIMM
Georgia Bar No. 299849
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
smackimm@mfllaw.com

*Attorneys for plaintiffs Strategic Management Partners, LLC and Aspen Specialty Insurance Company*