IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STRATEGIC MANAGEMENT
PARTNERS, LLC, and ASPEN
SPECIALTY INSURANCE
COMPANY,

      Plaintiffs,

v.

THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE
COMPANY and GREENWICH
INSURANCE COMPANY,

      Defendants.

Case No. 1:25-cv-5233-SEG

**DEFENDANT GREENWICH INSURANCE COMPANY'S REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendant Greenwich[1] respectfully files this reply to the opposition (Doc. 44, the "**Opposition**") to Greenwich's Motion filed by SMP and Aspen (together, "**Plaintiffs**"):

- Plaintiffs do not dispute, in whole or in part, any fact set forth in Greenwich's Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried.  *See* Doc. 44-1.  Accordingly, the Court should grant summary judgment in favor of Greenwich for the reasons set forth in Greenwich's Motion. *See* Doc. 35.

- Plaintiffs' only response to Greenwich's citation to *Great American Insurance Co. v. Allied World Assurance Co. Inc.,* 2021 WL 6113680, (N.D. Ga. Sept. 30, 2021), *aff'd in relevant part*, *Great Am. Ins. Co. v. Allied World Assur. Co. Inc.*, 2023 WL 3736878 (11th Cir. May 31, 2023) ("*Great American*"), which is directly on point and supports Greenwich's argument that SMP must exhaust all other applicable insurance before reaching the Greenwich Excess Policy, is that this Court and the Eleventh Circuit "missed the mark" in *Great American*. Opposition at 14-17 (responding to Section III.E.2 of Greenwich's Motion (Doc. 35 at 17-21)).  Plaintiffs do not attempt to distinguish *Great American*.  Instead, they are asking this Court to ignore its own decision in *Great American* and do the

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in Greenwich's Motion for Summary Judgment ("**Greenwich's Motion**") (Doc. 35).

1

same with respect to the Eleventh Circuit's affirmance thereof, but they provide no compelling reason to do so; they simply restate their argument.  The Court should decline to revisit its well-reasoned decision (and the Eleventh Circuit's instructive affirmance thereof) and grant Greenwich's Motion.

- Plaintiffs concede that "the Cincinnati Policy is underlying insurance under the Greenwich Policy, and… SMP is an insured under the Greenwich Policy." Opposition at 11.  They concede further that the relevant inquiry is under Coverage E.  *Id.* ("…Coverage E under the Greenwich Policy provides coverage in this instance.").  This ends the inquiry for the reasons set forth in Greenwich's Motion. *See* Doc. 35 at 10-15.  In addition, Plaintiffs' concession is consistent with the definition of "underlying insurance," which includes policies, like the Cincinnati Policy, issued to replace the scheduled policy so long as they provide at least the same limits and cover the same hazards.  *See* Doc. 35-9 at GREENWICH002641. Plaintiffs' coverage position runs afoul of this definition because it requires the Greenwich Excess Policy to respond at a drastically lower attachment point (*i.e.,* following exhaustion of the $50,000 sublimit for optional assault and battery coverage in the Cincinnati Policy) than under the scheduled policy, which provides per occurrence limits of $1,000,000 and a products completed operations and aggregate limit of $2,000,0000.  *Id.* at GREENWICH002630.  The separate limit for optional assault and battery coverage under the Cincinnati Policy does not

match the limits of the scheduled policy and that coverage does not cover the same hazards. Accordingly, the Greenwich Excess Policy does not provide coverage following exhaustion of the $50,000 sublimit for optional assault and battery coverage in the Cincinnati Policy.

- Plaintiffs argue that under an agreement between SMP and ATL21COV Owner, LLC, the latter "was required to maintain at least $5 million per occurrence in commercial general liability insurance coverage," including "assault and battery coverage in the foregoing amount," and ATL21COV Owner, LLC "obtained liability insurance coverage from Cincinnati and Greenwich in order to satisfy this requirement." Opposition at 12. They argue further that "it was the intention of ATL21COV Owner, LLC to obtain coverage of $5 million to include assault and battery coverage, as reflected by the terms of the Agreement." *Id.* at 13. This argument gets Plaintiffs nowhere. The fact that the Agreement, to which Greenwich is not a party, provides that ATL21COV Owner, LLC must obtain certain coverage does not mean the Greenwich Excess Policy as written provides such coverage. Indeed, it does not so provide. The purported intent of ATL21COV Owner, LLC does not and cannot rewrite the plain terms of the Greenwich Excess Policy over which there is no dispute. In any event, SMP is not ATL21COV Owner, LLC and cannot speak to ATL21COV Owner, LLC's intent.

3

- Plaintiffs argue the Sublimit Condition Precedent "has no bearing on the Greenwich Policy's umbrella coverage" because it "only appears in the Greenwich Policy's provisions regarding Coverage E" (*i.e.*, excess coverage).  Opposition at 13.  Plaintiffs are wrong.  As they concede, the Sublimit Condition Precedent refers to "Commercial Excess/Umbrella Liability Coverage."  *Id.*; *see Plaintiffs' Response to Defendant Greenwich Ins. Co.'s Statement of Undisputed Facts* (Doc. 44-1) at Statement No. 27 and Response.  Plaintiffs' "plain reading" of the policy renders superfluous the language applying the Sublimit Condition Precedent to both the excess and umbrella coverages and this Court should reject it.  *See Argo v. G-Tec Services, LLC*, 791 S.E.2d 193, 195 (Ga. App. 2016) ("Courts should not render any language in a contract as superfluous, and any construction that renders portions of the contract language meaningless should be avoided") (internal quotations omitted).   In any event, there can be no umbrella coverage because Plaintiffs concede that SMP is an insured under Coverage E of the Greenwich Excess Policy (*see infra*).

- Plaintiffs contend Coverage U applies even though they concede SMP is an insured under Coverage E.  Opposition at 13-14.  This is rebutted based on the plain policy language.  Plaintiffs concede, as they must, that "Coverage U does not apply to claims which are covered under Coverage E or would have been covered except for exhaustion of 'underlying insurance' 'limits.'"  *Id.*  If SMP is covered

4

under Coverage E, then coverage is unavailable under Coverage U.  Plaintiffs argue that Greenwich's position "would mean that SMP's claim is not covered under Coverage E and would never be covered under Coverage E, regardless of the exhaustion of underlying limits." *Id.* at 14.  In other words, Plaintiffs argue that if there is no coverage under Coverage E despite its mutually conceded applicability to SMP, then there must be coverage under Coverage U.  Plaintiffs misunderstand the mutually exclusive nature of the two coverages.  The fact that failure to meet a condition precedent precludes coverage under Coverage E does not mean there is coverage under Coverage U.  Indeed, there can be no coverage under Coverage U if Coverage E applies.  Coverage E applies above "underlying insurance." Coverage U applies where there is no underlying insurance (*i.e.*, above "other insurance" or the "self-insured retention").  Plaintiffs concede there is "underlying insurance" (*i.e.*, the Cincinnati Policy) and SMP is an insured under the Greenwich Excess Policy.  Opposition at 11 ("It is undisputed that the Cincinnati Policy is underlying insurance under the Greenwich Policy, and it is further undisputed that SMP is an insured under the Greenwich Policy."); *Plaintiffs' Brief in Support of Motion for Summary Judgment* (Doc. 36-6) at 5, 11; *Plaintiffs' Response to Defendant Greenwich Ins. Co.'s Statement of Undisputed Facts* (Doc. 44-1) at Statement No. 30 and Response; *see also* Doc 35-9 at GREENWICH002645, ¶ g. Accordingly, Coverage E applies to the exclusion of Coverage U.  Even if

5

Coverage U could potentially apply, Plaintiffs' position disregards the Greenwich Excess Policy's attachment point and the priority of coverage relative to other applicable insurance.

## CONCLUSION

For at least the foregoing reasons and the reasons set forth in Greenwich's Motion for Summary Judgment and its Opposition to Plaintiffs' Motion for Summary Judgment, the Court should grant summary judgment to Greenwich on Plaintiffs' claims against it.

Submitted this 29th day of July, 2026.

**OF COUNSEL:**

*/s/ Sara K. Hunkler*
James P. Ruggeri (*pro hac vice*)
Sara K. Hunkler (*pro hac vice*)
Ruggeri Parks Weinberg, LLP
1875 K Street, Suite 800
Washington, DC 20006-125
Telephone (202) 984-1400
Facsimile (202) 984-1401
jruggeri@ruggerilaw.com
shunkler@ruggerilaw.com

*/s/ Andrew D. Horowitz*
Andrew D. Horowitz
Georgia Bar No. 367815
Drew Eckl & Farnham, LLP
303 Peachtree St. NE, Suite 3500
Atlanta, GA 30308
Telephone (404) 885-6145
Facsimile (404) 876-0992
HorowitzA@deflaw.com

*Counsel for Defendant Greenwich Insurance Company*

6

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing brief was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1(C).

This 29th day of July, 2026.

**RUGGERI PARKS WEINBERG, LLP**

*/s/  Sara K. Hunkler*
Sara K. Hunkler

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing DEFENDANT GREENWICH INSURANCE COMPANY'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, as well as DEFENDANT GREENWICH INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record.

This 29th day of July, 2026

RUGGERI PARKS WEINBERG, LLP

/s/ Sara K. Hunkler
Sara K. Hunkler

8